IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:19-CR-200-TAV-DCP-1 |
| | ) | | |
| | ) | | |
| HANNAH M. BRASWELL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. Presently before the Court is defense counsel's Motion to Substitute Attorney [Doc. 29], filed on February 7, 2020. On February 12, 2020, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Kevin Quencer was present representing the Government. Assistant Federal Defender Jonathan Moffatt was present representing the Defendant, who was also present. CJA Panel Attorney Mike Whalen was also present.

The motion asks the Court to appoint substitute counsel for Defendant Braswell because Assistant Federal Defender Moffatt and the Federal Defender Services of Eastern Tennessee ("FDSET") have an actual conflict of interest that ethically prohibits their representation of the Defendant. Assistant Federal Defender Moffatt explained that he had discovered an actual and current conflict in the course of reviewing the discovery in Defendant Braswell's case. AUSA Quencer stated that the Government had no objection to the pending motion. The Court addressed

Defendant Braswell to ensure that she understood that Assistant Federal Defender Moffatt had a conflict that requires that he withdraw from her case.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. *See Glasser v. United States*, 315 U.S. 60, 70 (1942), *superseded by* Fed. R. Evid. 104(a) as held in *Bourjaily v. U.S.*, 483 U.S. 171 (1987) (regarding the admission of co-conspirator's statements). In light of the existence of an apparent, direct and actual conflict in this case, the Court finds that good cause exists to grant defense counsel's Motion to Substitute Attorney [**Doc. 29**], the same is **GRANTED**, and Assistant Federal Defender Moffatt and the FDSET are relieved as counsel of record for Defendant Braswell. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the Defendant to be represented continuously by conflict-free counsel. CJA Panel Attorney Mike Whalen appeared and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Attorney Whalen as the Defendant's counsel of record under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Assistant Federal Defender Moffatt and the Government are **DIRECTED** to provide the Defendant's file to new counsel as expeditiously as possible.

Accordingly, it is **ORDERED:**

(1) Defense counsel's Motion to Substitute Attorney [**Doc. 29**] is **GRANTED**;

(2) Assistant Federal Defender Moffatt and the FDSET are permitted to withdraw as counsel of record for the Defendant and are **DIRECTED** to transfer the Defendant's file and any discovery to

new counsel as soon as possible; and

(3) Attorney Mike Whalen is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge