IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-200-TAV-DCP |
| | ) | |
| HANNAH M. BRASWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

This case is before the Court in accordance with the Federal Rules of Criminal Procedure and the applicable provisions of the Bail Reform Act, 18 U.S.C. § 3148. On November 21, 2019, Defendant was released on an Order Setting Conditions of Release [Doc. 6]. On June 17, 2020, the Court subsequently signed the Petition for Action on Conditions of Pretrial Release ("the Petition") prepared by the United States Probation Office. [Doc. 40]. The Petition alleges that Defendant violated several conditions of her release. Defendant appeared before the undersigned on June 26, 2020 for an Initial Appearance regarding the Revocation of her Pretrial Release. [Doc. 41]. However, prior to the revocation hearing on the Petition, Defendant, through counsel, as well as the Government, contacted Chambers to state that a revocation hearing was not necessary. A plea agreement was then entered on July 8, 2020. [Doc. 44].

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Therefore, due to the representations of Defendant, the Court finds that by clear and convincing evidence that Defendant has violated a conditions of her release, that "there is no condition or combination of conditions of release that

will assure" that Defendant "will not flee or pose a danger to the safety of any other person or the community," and that Defendant "is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

Accordingly, Defendant's Order Setting Conditions of Release [**Doc. 6**] is hereby **REVOKED**. Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her change of plea and sentencing hearings. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge